The People of the State of New York, Plaintiff, *v.* Edward C. Dormann, Albert Krivin, Lester Kobb, Howard Locke and Charles Munday, Defendants.

Supreme Court, Rockland County, February 19, 1943.

*Sydney A. Syme* for Edward C. Dormann, defendant.

*Samuel L. Gunn* for Albert Krivin, defendant.

*Benjamin Levison* for Lester Kobb, defendant.

*Irving G. Kennedy,* Special District Attorney, for plaintiff.

Nolan, J. The defendants move for an order pursuant to subdivision 1 of section 344 of the Code of Criminal Procedure, removing the retrial of the indictment herein from the County Court of Rockland County to a term of the Supreme Court to be held in the same county. The Special District Attorney

does not oppose the application, nor does he consent thereto. The defendants have been convicted, after a trial held in the County Court, upon an indictment containing ten counts, the first of which charges the defendants with entering into a conspiracy in violation of section 580 of the Penal Law, and the other nine of which charge violations of section 1372 of the same statute.

The judgment of conviction has been reversed by the Appellate Division. That court, in reversing the judgment against the defendant Dormann, stated that there was ample credible evidence to justify the jury's verdict that he was guilty, and that the verdict eventuated after a long impartially conducted trial which was conspicuously free from error, but reversed the judgment upon the ground that the Trial Court, in the period between the submission of the case to the jury and the return of their verdict, made observations to the jury of a prejudicial and coercive character, which, in effect, invaded the function of the jury. (*People* v. *Dormann,* 265 App. Div. 1017.) The indictment is now pending in the County Court and will be retried by that court, unless the defendants' motion is granted.

Defendants contend that they will be unable to procure a fair and impartial trial before the County Judge who presided at the former trial, by reason of alleged actual bias of the County Judge against the defendants, in that the County Judge has a fixed and set conclusion as to the guilt of the defendants, which will prevent him from presiding impartially at the retrial. Under our system of jurisprudence, in spite of their conviction, which has been set aside on appeal, the defendants are presumed to be innocent until their guilt shall be established beyond a reasonable doubt, and on this application, and on their trial, their previous conviction may not be considered as indicating such guilt, nor may the evidence heretofore produced against them be so considered. Their right to apply for the removal of the indictment may not be questioned and, if good cause therefor has been shown, their application must be granted, since it is the right of every person accused of crime to have a fair and impartial trial, before an unbiased court and an unprejudiced jury, regardless of any preconceived opinion which may exist as to the conclusiveness of the evidence against him.

The defendant Dormann not only complains of the observations made by the County Judge to the jury, on trial, as evidencing his fixed opinion as to defendant's guilt, but also refers to a statement made by the Judge on imposing sentence, to the

effect that the defendant had become the " pliant minion of racketeers and gangsters,", which statement defendant contends was not justified by the evidence presented; to the direction made upon sentence that the defendant be transferred to Sing Sing Prison forthwith, and the refusal of the Judge to grant a stay of execution for forty-eight hours to enable the defendant to apply for a certificate of reasonable doubt; to the fact that upon the arraignment of the defendant before the County Judge in April, 1942, upon an information charging a violation of section 1372 of the Penal Law, defendant was committed to the County Jail of Rockland County, bail having been fixed at $50,000, and to several other incidents which are alleged to have occurred upon his trial, and prior thereto. This defendant further urges that wide publicity has been given in Rockland county to the proceedings of the County Court, and the observations of the County Judge on the occasion of his sentence. The other defendants advance similar arguments in support of the motion.

The facts set forth furnish no statutory ground for the disqualification of the County Judge. It is not remarkable that, after listening to the testimony of the witnesses called on the trial of these defendants, and after the verdict of the jury on that trial, he should have some opinion as to their guilt, nor was his expression of such opinion, on pronouncing sentence, unusual. While it is true that the Appellate Division of this court found that his observations to the jury on the trial of these defendants were of a prejudicial and coercive character, neither those observations nor those made on the occasion of sentence, nor any opinion formed as to the guilt of the defendants, would render it impossible for the County Judge to afford the defendants an impartial trial. I have no doubt that on the trial, as on the imposition of sentence, the learned County Judge was actuated by his honest opinion, and a sincere desire to do justice. Moreover, I have no doubt that on a retrial before him he would make every effort to afford the defendants a fair and impartial trial. The fact remains, however, that the observations complained of have been made, and that the opinions thereby expressed have been formed. No matter how upright the judge, and however free from the slightest inclination but to do justice, there is always peril of unconscious bias or that a former opinion formed may linger to affect his present judgment. As was said by Mr. Justice JENKS, in *People* v. *Haas* (105 App. Div. 119, 122), " No effort of the will can shut out memory; there is no art of forgetting. We cannot be certain that the human mind

will deliberate and determine unaffected by that which it knows, but which it should forget in that process." Moreover, it is not disputed that the observations made on trial, and on sentence, have received wide publicity in the county in which this indictment is to be tried, and among the residents thereof, from whose numbers the trial jury must be selected. Jurors are but individuals and, no matter how conscientious they may be, are subject to opinions and influence, of which they themselves may often be unaware. While there may be danger of such unconscious prejudice, whether the action shall be tried in the Supreme or in the County Court, is it not more probable that such prejudice may exist upon a trial presided over by a judge whose sentiments, as expressed by the observations in question, are known, and to whom the jurors must look for guidance during the course of the trial? I believe that the danger exists, and that the defendants should not be compelled to take the risk of a possible prejudice, which may be undiscoverable in the course of examination, or which indeed may not be fully appreciated by the jurors themselves. That danger may be obviated, to some extent, by a trial in another court. (See *People* v. *Diamond*, 36 Misc. 71; *People* v. *Hyde*, 75 Misc. 407; *People* v. *McLaughlin*, 150 N. Y. 365; *People* v. *Haas, supra*.)

I do not intend the slightest reflection on the learned County Judge, or upon his conduct, nor do I ascribe to him any but the highest motives in his desire to do justice. I believe, however, that there is at least a possibility that the rights to which the defendants are entitled may be prejudiced if their motion is denied, and that the good cause, required by the statute, has been shown. Motion granted. Settle order on notice.