UNITED STATES, Appellant

v

JOHN T. STATEN, Private, U. S. Army, Appellee

21 USCMA 493, 45 CMR 267

No. 25,235

June 30, 1972

*Captain Glenn R. Bonard* argued the cause for Appellant, United States. With him on the brief were *Lieutenant Colonel Ronald M. Holdaway* and *Captain Richard L. Menson.*

*Captain David A. Fischer* argued the cause for Appellee, Accused. With him on the brief was *Lieutenant Colonel Arnold I. Melnick.*

## Opinion of the Court

DARDEN, Chief Judge:

Convicted of absence without leave by a military judge sitting as a general court-martial and sentenced to a bad-conduct discharge, forfeiture of all pay and allowances, confinement at hard labor for nine months, and reduction to the lowest enlisted grade, accused escaped from confinement at Fort Dix, New Jersey, on February 17, 1970. The convening authority approved the findings and sentence on April 23, 1970, and forwarded the record to the Judge Advocate General, United States Army, for review by a Court of Military Review. The court, determining that prejudicial error existed in the sentence proceedings, directed a rehearing on the sentence. United States v Staten, 42 CMR 674 (ACMR 1970).

Notwithstanding the accused's continued absence without leave, the rehearing on sentence commenced on October 19, 1970. The military judge refused to honor a defense request for trial by judge alone because in his view the original request did not survive the initial trial and the new request was not signed by the accused. At the rehearing, the court sentenced the accused to a bad-conduct dis-

charge, confinement at hard labor for three months, and reduction to the lowest enlisted grade. Accused returned to military control on December 11, 1970.

The convening authority again approved the sentence and forwarded the record of trial. The Court of Military Review, sitting en banc, disapproved the sentence, since the accused had not been present at the rehearing. The Judge Advocate General has certified the correctness of that decision here.

Article 39, Uniform Code of Military Justice, 10 USC § 839, requires the accused to be present at all proceedings of the court, except during deliberation and voting of the members. As is the case in civilian courts, the right is one that may be waived.

Paragraph 11c, Manual for Courts-Martial, United States, 1969 (Revised edition), provides that the accused's "voluntary and unauthorized absence after the trial has commenced in his presence and he has been arraigned does not terminate the jurisdiction of the court, which may proceed with

the trial to findings and sentence notwithstanding his absence." The rule has been recognized by this Court. United States v Cook, 20 USCMA 504, 43 CMR 344 (1971); United States v Houghtaling, 2 USCMA 230, 8 CMR 30 (1953). The military practice is similar to that which obtains in civilian jurisdiction. See 21 Am Jur 2d, Criminal Law, § 279; Rule 43, Federal Rules of Criminal Procedure.

The Manual for Courts-Martial makes no special provision for the absence of the accused at a rehearing, irrespective of whether the rehearing is limited to sentencing proceedings. The Government urges that, since a rehearing is a continuation of the former proceedings, accused's presence at the original arraignment is sufficient to confer authority to rehear his case despite his voluntary absence before the rehearing begins.

Rehearings under the Uniform Code of Military Justice and its predecessors have long been treated as a continuation of the first trial, largely because of our automatic appellate system and double jeopardy considerations. See United States v Padilla, 1 USCMA 603, 5 CMR 31 (1952), and United States v Kincaid, 17 CMR 523 (NBR 1954). Characterizing rehearings as continuations of the original trials does not mean that they are to be so treated for all purposes. The effect of directing a rehearing demonstrates that the rehearing may normally be regarded as the ordering of another trial. In United States v Cox, 12 USCMA 168, 169, 30 CMR 168 (1961), this Court described the process as follows:

"Reversal of a conviction by appellate authority and the direction of a rehearing of the case generally leaves the proceedings in the same position as before trial. . . . [Citations omitted.] There are exceptions to the rule . . . [but] except as limited by law and the requirements of sound judicial practice, any action that could have been taken before the first trial can be taken as part of the rehearing procedure."

The Manual for Courts-Martial indicates that rehearings are to be treated as if a new court-martial had been convened. At a rehearing, the procedure "in general is the same as in an original trial." Manual, supra, paragraph 81b. The same comment applies to rehearings on sentence. Ibid. Another provision is that "The existence or absence of a request for trial by the military judge alone at the previous hearing has no effect on the composition of the court at the rehearing." Manual, supra, paragraph 92.[1]

The Manual provisions convince us that the effect of ordering a rehearing is, except for limitations not applicable here, to place the United States and the accused in the same position as they were at the beginning of the original trial. United States v Cox, supra; cf. United States v Martinez, 11 USCMA 224, 29 CMR 40 (1960). The absence of any provision regarding the voluntary absence of the accused from a rehearing means that the rule set forth in paragraph 11c, Manual, supra, should apply, the procedure in general being "the same as in an original trial." Manual, supra, paragraph 81b.

We recognize that, unlike the procedure in a full rehearing, in rehearings on sentence alone no new arraignmnet of the accused occurs. Nevertheless, the accused ought to be present at the beginning in order for the court-martial to proceed. The right to be pres-

---

[1] The effect of this Manual provision was in issue at the rehearing before us, the military judge ruling that the original request of the accused for trial by judge alone did not survive the termination of the initial trial. He directed the rehearing to be held before a full court panel. If a rehearing is a continuation of the former trial for all purposes, it would seem that the prior request would continue in effect until revoked by the accused.

ent during trial is fundamental and has been called "scarcely less important to the accused than the right of trial itself." 21 Am Jur 2d, Criminal Law, § 271. While the right can be waived, we perceive no consideration that justifies invocation of a waiver resulting from an accused's voluntarily absenting himself between the end of the original trial and the start of a rehearing on sentence. We conclude that the Court of Military Review correctly found a rehearing on sentence may not proceed unless the accused is present at least at the outset.

The certified question is answered in the affirmative, and the decision of the Court of Military Review is affirmed.

Judges QUINN and DUNCAN concur.