## UNITED STATES

### v.

**Specialist Four Theopelis L. SCHAFFER, Junior, 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, US Army, Company F, 2d Student Battalion, School Brigade, US Army Intelligence Center and School, Fort Huachuca, Arizona (now assigned to Headquarters Company, United States Disciplinary Barracks, Fort Leavenworth, Kansas).**

### CM 428654.*

U. S. Army Court of Military Review.

29 July 1975.

---

Appellate counsel for the Accused: CPT Gordon R. Denison, JAGC; LTC Edward S. Adamkewicz, Jr., JAGC; COL Victor A. DeFiori, JAGC.

Appellate counsel for the United States: CPT Joel M. Martel, JAGC; LTC Ronald M. Holdaway, JAGC.

## OPINION OF THE COURT

VINET, Judge:

The Judge Advocate General, pursuant to Article 69, Uniform Code of Military Justice, 10 U.S.C. § 869, has referred this case for review in accordance with Article 66, UCMJ, 10 U.S.C. § 866.

This is an appeal following the rehearing we ordered in *United States v. Schaffer*, 46 C.M.R. 1089 (1973), because of an invalid "gentlemen's agreement" between trial and defense counsel wherein, in addition to the formal written plea agreement, the defense agreed to refrain from making pretrial motions. *See United States v. Holland*, 23 U.S.C.M.A. 442, 50 C.M.R. 461, 1 M.J. 58 (1975).

Appellant was originally charged with wrongfully having in his possession 0.54 grams of heroin, in violation of Article 134, UCMJ, 10 U.S.C. § 934. To the charge and specification he entered a plea of guilty.

On the rehearing, appellant was charged with and pleaded guilty to knowingly and intentionally possessing 0.54 grams of heroin, a Schedule I narcotic drug controlled substance, in violation of Title 21, United States Code, Section 844(a), all in violation of Article 134, UCMJ.

Appellant contends that since the original specification charged him with a violation of the first or second clauses of Article 134, UCMJ, 10 U.S.C. § 934, it was error to try him on the rehearing with a violation of the third clause of said article.

We do not agree. Under paragraph 92a, Manual for Courts-Martial, United States, 1969 (Revised edition), an accused may be

---

* Consult Table of Cases in Bound Volume by Name of Accused for appellate history.

584

retried for the same offense to which he pleaded guilty or for any offense necessarily included therein. In *United States v. Cox*, 12 U.S.C.M.A. 168, 30 C.M.R. 168 (1961), the Court held at page 169:

"Reversal of a conviction by appellate authority and the direction of a rehearing of the case generally leaves the proceedings in the same position as before trial. . . . There are exceptions to the rule. For example, . . . if again convicted, the accused cannot be subjected to punishment 'in excess of or more severe than the original sentence' imposed for the same offenses of which he was previously convicted. . . . Also, of course, proceedings at the rehearing cannot be inconsistent with the mandate of the appellate court. However, except as limited by law and the requirements of sound judicial practice, any action that could have been taken before the first trial can be taken as part of the rehearing procedure."

Specifications may be amended prior to trial if such amendments do not mislead the accused. Paragraph 69*b*, Manual, *supra*. The new specification which formed the basis of the guilty plea on the rehearing was, in effect, an amendment of the original specification. It charged no new operative facts and did not mislead the appellant. For the purposes of paragraph 92*a* of the Manual, no new crime was charged.

The findings of guilty and the sentence are affirmed.

Senior Judge JONES and Judge O'DON-NELL concur.