UNITED STATES, Appellee,

v.

Jimi ELLISON, Airman First Class, U.S. Air Force, Appellant.

No. 40,461.

ACM 22720.

U. S. Court of Military Appeals.

May 10, 1982.

For Appellant: *Captain J. Laurens Tullock* (argued); *Colonel George R. Stevens, Major Robert G. Gibson, Jr.* (on brief); *Captain G. Michael Lennon.*

For Appellee: *Captain Michael J. Hoover* (argued); *Colonel James P. Porter* (on brief).

OPINION OF THE COURT

COOK, Judge:

Appellant was convicted, contrary to his pleas, of a single specification of possessing heroin, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. His approved sentence includes a dishonorable discharge, confinement at hard labor for 4 years, forfeiture of $299 pay per month for 4 years, and reduction to the grade of Airman Basic. We granted review of the following issue:

> WHETHER THE COURT–MARTIAL WHICH TRIED THE ACCUSED *IN AB-SENTIA* WAS WITHOUT JURISDICTION SINCE IT WAS NOT THE SAME COURT–MARTIAL BEFORE WHICH THE ACCUSED WAS ARRAIGNED.

Appellant was arraigned at an Article 39(a), UCMJ, 10 U.S.C. § 839(a), session on September 24, 1979. Present were the military judge, counsel for both sides, and the accused. Appellant pleaded not guilty and elected trial by officer members. A government motion for a continuance until October 22, 1979, to depose a witness was granted. On October 5, 1979, appellant absented himself from his unit and remained absent for the remainder of the trial. When the court-martial reconvened, on October 22, 1979, two members listed on the original court-martial order had been replaced by order of the convening authority. Civilian defense counsel objected to proceeding in appellant's absence. This objec-

tion was overruled. Civilian defense counsel also objected to the composition of the court-martial, because it had changed since appellant's arraignment. This objection also was overruled.

Appellant's petition before this Court is predicated on paragraph 11c, Manual for Courts-Martial, United States, 1969 (Revised edition), which provides (emphasis added):

The accused's voluntary and unauthorized absence after the trial has commenced in his presence and he has been arraigned does not terminate the jurisdiction of *the court*, which may proceed with the trial to findings and sentence notwithstanding his absence. In such a case the accused, by his wrongful act, forfeits his right of confrontation.

According to appellant, the words "the court" indicate *exactly* the same court-martial, *i.e.* the personnel, before whom an accused is arraigned. Thus, under appellant's theory, the only way the Government can try an accused who voluntarily absented himself after arraignment is to reassemble precisely the same personnel who were listed on the court-martial order at the time of the arraignment, no substitutions being permitted. As a fallback position, appellant suggests that a convening authority might be permitted to change court-martial personnel prior to assembly for physical disability or good cause, such as emergency leave or military exigencies. *Cf.* Article 29(a) and (d), UCMJ, 10 U.S.C. § 829(a) and (d); *and* para. 37b, Manual, *supra*. However, in that event, appellant contends, the record should establish the basis for the change (such basis was not established here). *Ibid.*

▇ The Uniform Code of Military Justice does not address change of court-martial personnel prior to assembly. Articles 25 through 28, UCMJ, 10 U.S.C., §§ 825–828, grant the convening authority the power to detail the court-martial personnel. Article 29(a) provides that "[n]o member of a general or special court-martial may be ... excused after" assembly "except for physical disability or as a result of a challenge or by order of the convening authority for good cause." Thus, the President's exercise of his rule-making power * in paragraph 11c, Manual, *supra*, does not conflict with the Uniform Code and is lawful.

The history of paragraph 11c, which is substantially unchanged from the Manual for Courts-Martial, United States, 1951, indicates merely that the text of paragraph 11c of the 1969 Manual was "patterned after [the then] Rule 43" of the Federal Rules of Criminal Procedure, which provided that a "defendant's voluntary absence after the trial has been commenced in his presence shall not prevent continuing the trial." Legal and Legislative Basis, Manual for Courts-Martial, United States, 1951, at 13.

Although we have never squarely confronted this issue before, the Army Court of Military Review has. In *United States v. Johnson*, 44 C.M.R. 797 (A.C.M.R.1971), the composition of the court-martial that tried the accused was completely different from that before whom he was arraigned. The Army court decided that the court-martial was without jurisdiction to try the accused and construed paragraph 11c of the 1969 Manual, *supra*, to imply that "the court" meant the same members, the same counsel, the same judge, and the same order number.

In *United States v. Staten*, 45 C.M.R. 422 (A.C.M.R.1972) (*en banc*), *affirmed*, 21 U.S. C.M.A. 493, 45 C.M.R. 267 (1972), after the Army Court of Military Review affirmed findings of guilty but ordered a rehearing on sentence, the convening authority convened a court-martial composed of the same military judge and defense counsel. However, the court members were entirely different from the original court-martial, and there were changes in the prosecution team. At the rehearing, Staten was not present, having been voluntarily absent for many months. As in *United States v. Johnson*, *supra*, the Army court decided that the second court-martial had no authority to proceed in the absence of the accused because of the changed court-martial. 45 C.M.R. at 424. In addition, the court con-

* Article 36, UCMJ, 10 U.S.C. § 836.

cluded that it was not shown that Staten had knowingly absented himself from the rehearing. *Id.* at 425–26. We agreed that the rehearing was defective in that the accused must at least be "present ... at the outset" of the rehearing. 21 U.S.C.M.A. at 496, 45 C.M.R. at 270.

In *United States v. Peebles*, 2 M.J. 404 (A.C.M.R.1975), *reversed on other grounds*, 3 M.J. 177 (C.M.A.1977), the Army court rejected its opinions in *Johnson* and *Staten* as giving too narrow a meaning to the term "court" as used in paragraph 11*c*, Manual, *supra*. "Too much weight," said the Army court, "was given to the number of the court-martial convening order and to the identity of members, and not enough emphasis was placed on the purpose and functions of the tribunal at the earlier stages of the proceeding." 2 M.J. at 409 (footnote omitted). The court reasoned that, prior to assembly, the functions of the court-martial were performed by the military judge alone, rather than by the members or by the judge and members jointly, and thus "court" in paragraph 11*c* meant the military judge.

■ We agree with the *Peebles* formulation. Nothing in the 1969 Manual for Courts-Martial or its history suggests that, in paragraph 11*c*, the President intended to restrict a convening authority's ability to substitute court-martial personnel in the trial of an accused who voluntarily absents himself. Indeed, subject to certain limitations after the court-martial has been assembled, paragraph 37*a*, Manual, *supra*, provides:

> [I]t is within the discretion of the convening authority to make changes in the composition of courts-martial convened by him. For instance, he may detail new members to a court in lieu of, or in addition to, the members of the original court.

Had the drafters of the Manual intended to prevent the convening authority from changing court personnel in a case such as this, we are confident they would have expressly so stated. Appellant suggests that the reason the court composition should not have been changed is that his choice of trial by officer members, rather than the other

options, was based upon the original court-martial order. In this regard, his circumstance was no different from any other accused whose remedies would be limited to challenging the court's personnel or requesting trial by military judge alone or by members consisting of at least one-third enlisted personnel. *See* Article 16, UCMJ, 10 U.S.C. § 816; *United States v. Stipe*, 23 U.S.C.M.A. 11, 48 C.M.R. 267 (1974); *United States v. Vaul*, 5 M.J. 810 (A.F.C.M.R.1978), *pet. denied*, 6 M.J. 156 (C.M.A.1978). The fact that appellant was unable *personally* to exercise such alternatives by reason of his voluntary absence should not accrue a benefit to him. Accordingly, the decision of the United States Air Force Court of Military Review is affirmed.

Judge FLETCHER concurs.

EVERETT, Chief Judge (concurring):

I agree fully with the majority opinion. Although a court-martial lacks the permanence of a Federal District Court, it does have some continuity and does not change with every variation in the membership of the court. Thus, if a convening authority refers a case for trial by a court-martial which he has appointed, he does not have to refer the case again when a member is excused or replaced; despite the change in members, the court-martial remains the same. Moreover, the language of Article 29, Uniform Code of Military Justice, 10 U.S.C. § 829, which deals with "Absent and additional members," makes clear that Congress never contemplated that a "new" court-martial exists after there has been a change in the members. Finally, I note that the interpretation which Judge Cook gives to paragraph 11*c* of the Manual for Courts-Martial, United States, 1969 (Revised edition), seems fully consistent with the interpretations given to Fed.R.Crim.P. 43—on which the Manual provision is patterned. *See, e.g., United States v. Smith*, 524 F.2d 167 (4th Cir. 1975), *cert. denied*, 424 U.S. 925, 96 S.Ct. 1136, 47 L.Ed.2d 334 (1976); *United States v. Tortora*, 464 F.2d 1202, 1208 (2nd Cir. 1972), *cert. denied*, 409 U.S. 1063, 93 S.Ct. 554, 34 L.Ed.2d 516 (1972); *United States v. Gregory*, 463 F.2d 600 (1st Cir. 1972), *cert. denied*, 409 U.S. 956, 93 S.Ct. 300, 34 L.Ed.2d 225 (1972).