RYAN, J.
(concurring in the judgment):
I concur in the judgment because I agree with the majority’s conclusion that the pretrial agreement (PTA) in this ease did not waive Appellant’s right to a pretrial investigation, pursuant to Article 32, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 832 (2000), on the amended and rereferred charge. I also agree that while Appellant was entitled to an Article 32, UCMJ, investigation on the amended charge, he was not prejudiced by the lack of such an investigation. United States v. Von Bergen, 67 M.J. at 294-95 (C.A.A.F.2009).
The granted issue can be resolved on a simple basis: Whether or not Appellant’s original waiver via the PTA in this case was canceled by our order of the rehearing, Von Bergen, 67 M.J. at 293-94, and whether or not the rehearing itself permitted Appellant to withdraw from the PTA,1 id. at 294, it is certain that the agreement between Appellant and the Government to waive Appellant’s right to an Article 32, UCMJ, investigation referred only to the original charges and specifications, and not to the new charge and specification referred at the rehearing. *296Offer for Pretrial Agreement, at 1, United States v. Von Bergen, No. FR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 (USAF Trial Judiciary Sept. 10, 2001) (“I have read the charges and specifications alleged against me and they have been explained to me.... Understanding the above and under the conditions set forth below, ... I offer ... to waive a hearing under Article 32, UCMJ.”).
The specification at issue in this appeal was originally charged and pleaded to as a violation of clause 3 of Article 134, UCMJ. A reheai’ing was ordered because that specification of the charge relied on extraterritorial application of the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. § 2252A (2000). United States v. Von Bergen, 62 M.J. 370 (C.A.A.F.2005) (summary disposition); United States v. Martinelli, 62 M.J. 52, 62 (C.A.A.F.2005) (holding that the CPPA does not have exterritorial application). On rehearing, the convening authority amended the original specification from alleging a violation of clause 3 of Article 134, UCMJ, to alleging a violation of clauses 1 or 2 of Article 134, UCMJ, and referred this new specification to a general court-martial.
Absent specific pleadings and proof, clauses 1 and 2 of Article 134, UCMJ, are not lesser included offenses of clause 3, Article 134, UCMJ. See, e.g., United States v. Medina, 66 M.J. 21, 26 (C.A.A.F.2008) (holding that clauses 1 and 2 are not necessarily lesser included offenses of clause 3). Appellant’s waiver of an Article 32, UCMJ, pretrial investigation pursuant to the PTA could not constitute a waiver for an offense the PTA did not address. Appellant was entitled to a new Article 32, UCMJ, pretrial investigation prior to referral of'the new specification to trial by general court-martial, and it was error for the military judge to deny his request. See R.C.M. 405(a) (“[N]o charge or specification may be referred to a general court-martial for trial until a thorough and impartial investigation ... has been made.... ”).
I also take exception to the majority’s statement that our prior remand of this case was partially due to the fact that the original providence inquiry did not reveal sufficient evidence to affirm a conviction under clauses 1 or 2 of Article 134, UCMJ. Von Bergen, 67 M.J. at 293-94. I continue to doubt that affirming a conviction to a failed charge and specification of clause 3, Article 134, UCMJ, under clauses 1 or 2 of Article 134, UCMJ, as a lesser included offense based on the contents of the provideney inquiry alone passes constitutional muster. See Schmuck v. United States, 489 U.S. 705, 718, 109 S.Ct. 1443, 103 L.Ed.2d 734 (1989) (allowing lesser included offense instructions “only in those cases where the indictment contains the elements of both offenses and thereby gives notice to the defendant that he may be convicted on either charge”); Medina, 66 M.J. at 26 (emphasizing an accused’s “right to know to what offense and under what legal theory he or she is pleading guilty”); Jones v. United States, 526 U.S. 227, 232, 119 S.Ct. 1215, 143 L.Ed.2d 311 (1999) (“Much turns on the determination that a fact is an element of an offense ... given that elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt.”).
I concur in the judgment.

. Although the majority opinion finds that the PTA was not in effect at the rehearing, a portion of the opinion assumes, arguendo, that the PTA did remain in effect. Von Bergen, 67 M.J. at 293, 294. Even so, the majority holds that Appellant subsequently withdrew from the PTA and was therefore entitled to an Article 32, UCMJ, investigation. Despite the Government’s argument that Appellant’s right to withdraw from the PTA no longer existed, the majority posits, without explanation, a connection between the order of rehearing and Appellant's right to withdraw. Brief of Appellee at 7, United States v. Von Bergen, No. 03-0629 (C.A.A.F. Sept. 5, 2008). We have previously stated that the effect of a rehearing is generally to "place the United States and the accused in the same position as they were at the beginning of the original trial.” United States v. Staten, 21 C.M.A. 493, 495, 45 C.M.R. 267, 269 (1972). But we have also acknowledged that rehearings "have long been treated as a continuation of the first trial.” Id. Rehearings are ordered for many different reasons, and our pri- or treatment of this issue suggests that some agreements made before or during the original trial may continue in effect during a subsequent rehearing, while others may not. Id. ("There are exceptions to the rule” that a “rehearing of the case generally leaves the proceedings in the same position as before trial.”) (quoting United States v. Cox, 12 C.M.A. 168, 169, 30 C.M.R. 168, 169 (1961)) (quotation marks omitted). The issue granted did not cover this tension and the parties’ briefing did not seek to resolve it; I do not fault the majority for declining to address the tension between these cases. But it seems an imprudent path to proceed to decide the case, albeit on an alternate ground, as if the tension does not exist.