UNITED STATES, Appellee,

v.

Private (E–1) Michael J. NICKERSON, 036–52–5847, United States Army, Appellant.

ACMR 8601441.

U.S. Army Court of Military Review.

14 Oct. 1987.

For Appellant: Lieutenant Colonel Paul J. Luedtke, JAGC, Major Eric T. Franzen, JAGC, Captain Pamela G. Montgomery, JAGC (on brief).

For Appellee: Colonel Norman G. Cooper, JAGC, Lieutenant Colonel Gary F. Roberson, JAGC, Major Byron J. Braun, JAGC, Captain Susan E. Fine, JAGC (on brief).

Before FELDER, GILLEY, and ROBBLEE, Appellate Military Judges.

## OPINION OF THE COURT

ROBBLEE, Judge:

Appellant was tried by a general court-martial composed of officer members. Contrary to his pleas, he was convicted of larceny in violation of Article 121, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 921 (1982). The members sentenced appellant to a dishonorable discharge, confinement for three years, and total forfeitures. The convening authority approved the sentence.

On 22 October 1986 appellant and the trial defense counsel executed a document which waived appellant's right to an investigation pursuant to Article 32, UCMJ. Nine days later, the convening authority accepted appellant's offer to plead guilty, an offer which was silent as to any waiver of the right to pretrial investigation.

At the first trial session, held pursuant to Article 39(a), UCMJ, in early November 1986, the appellant entered a plea of guilty but later withdrew it during the providence inquiry. Thereafter, 10 December 1986 was set as a trial date, and the session was adjourned.

On 24 November 1986, a second Article 39(a) hearing was conducted to litigate a defense request for continuance in the case until 2 January 1987. Appellant sought reinstatement of his right to an Article 32 investigation on the grounds that he had waived the same as a part of the pretrial agreement and that he had withdrawn from his plea. The trial counsel initially opposed appellant's request for continuance, maintaining that the pretrial agreement contained no provision providing for waiver of an Article 32 investigation and that the pretrial agreement represented the entire agreement between the parties. Finding no authority pertaining to relief from waiver of Article 32 investigation, however, the trial counsel withdrew his opposition to the defense requests.

The military judge, however, upon an examination of Manual for Courts–Martial, 1984, Rule for Courts–Martial 405 (k) [hereinafter M.C.M., 1984 and R.C.M., respectively], opined that the burden was on the defense to show good cause why it should be permitted to withdraw the waiver of investigation. He then adjourned the 24 November hearing.

As the hearing resumed the following day, the trial defense counsel stated that she could not state "with absolute certainty" that appellant's waiver of the Article 32 investigation had been part of the pretrial agreement. She then urged that restoration of the right to a pretrial investigation was necessary to permit the appellant a full and fair opportunity for pretrial discovery regarding two acts of uncharged misconduct and one of untruthfulness attributed to the appellant by the government. She did acknowledge, however, that such information was discoverable by means other than an Article 32 investigation. Thereafter, the trial counsel vigorously renewed his opposition to both the defense request for a continuance and for an Article 32 investigation.

Although the military judge denied the defense's request for a continuance, he did postpone the trial date seven days to 17 December 1986. With respect to the defense request for a pretrial investigation, the military judge specifically found that appellant's waiver of an Article 32 investigation had not been part of the pretrial agreement and that appellant had not shown good cause warranting relief from his waiver of an Article 32 investigation.

At another Article 39(a) session conducted on 12 December 1986, the trial defense counsel made motions *in limine* to block any governmental use at trial of its evidence of prior bad acts and untruthfulness against the appellant. The government's commitment at that point not to introduce any evidence of uncharged misconduct, and the appellant's subsequent failure to testify, on findings or sentencing, rendered these motions moot.

On appeal, the appellant asserts that the military judge erred by failing to grant him relief from his waiver of an Article 32 investigation after he changed his plea to not guilty. In particular, appellant urges that the change of his plea from guilty to not guilty constituted good cause sufficient to permit him relief from waiver. In the alternative, appellant claims that the trial counsel's offer to withdraw his objection to appellant's requests for continuance and relief from waiver of pretrial investigation worked a *de facto* withdrawal of the case from referral under R.C.M. 604(a). Only appellant's principal claim of error merits discussion.

It is appropriate that analysis of the issue before us begin with R.C.M. 405(k). It provides—

(k) *Waiver.* The accused may waive an investigation under this rule. In addition, failure to make a timely objection under this rule, including an objection to the report, shall constitute waiver of the objection. Relief from the waiver may be granted by the investigating officer, the commander who directed the investigation, the convening authority, or the military judge, as appropriate, for good cause shown.

Waiver of objection to pretrial investigation pursuant to R.C.M. 405(k) is new with the M.C.M., 1984, while its reference to waiver of investigation is consistent with earlier courts-martial practice. *See United States v. Schaffer*, 12 M.J. 425 (C.M.A.1982); M.C.M., 1984, Analysis of R.C.M. 405(k), App. 21–23 [hereinafter R.C.M. 405(k) Analysis]. Thus, it is clear that waiver as envisioned by R.C.M. 405(k) is dual-tracked; it may be either an explicit waiver of any investigation or an implicit waiver by failure to object to a defective investigation.

Equally clear is that relief from waiver of objection to a defective Article 32 investigation is available to an accused upon a showing of good cause under R.C.M. 405(k). Less clear is whether such relief is available in the waiver of investigation situation. We hold that, because the words "the waiver" in the last sentence of the rule make no distinction between the two forms of waiver as set out in the preceding two sentences, relief under the rule is available for both forms of waiver. In our view, no other construction is consistent with the plain language of the rule or the analysis which supports it. *See* R.C.M. 405(k) Analysis at A21–23. Thus we reach the question of whether the appellant demonstrated good cause why his right to an Article 32 investigation should have been restored to him in the instant circumstances. *Id.* (the burden is on the defense to show good cause sufficient to permit relief from waiver of pretrial investigation or of defective investigation).

Since the military judge's determination that good cause was not established was one of fact, we refrain from disturbing his decision, as, in our view, there is no evidence of record upon which a contrary result might reasonably be based. *United States v. Gregory*, 21 M.J. 952, 954 n. 4 (A.C.M.R.1986), *affirmed*, 23 M.J. 246 (C.M.A.1986). *See also Friedman v. United States*, 200 F.2d 690 (8th Cir.1952), *cert. denied*, 345 U.S. 926, 73 S.Ct. 784, 97 L.Ed. 1357 (1953) (authority to grant relief from waiver of indictment is within the sound discretion of the trial judge and not subject to being set aside on appeal unless clearly erroneous). In this regard, we note, as the military judge found, that the plea agreement does not indicate that it was conditioned on waiver of an Article 32 investigation; that the waiver of pretrial investigation signed by appellant and his counsel was executed nine days before the plea agreement was accepted; that appellant's waiver of pretrial investigation was unequivocal on its face and silent as to the

plea agreement; that discovery was otherwise possible before trial; and that, while the trial counsel at one point withdrew his opposition to appellant's requests for relief, he did so only for want of immediately available legal authority and later vigorously opposed any relief. Finally, we are mindful that withdrawal of a waiver of indictment is viewed with disfavor in the federal courts. *Bartlett v. United States,* 354 F.2d 745, 749, 750 (8th Cir.), *cert. denied,* 384 U.S. 945, 86 S.Ct. 1471, 16 L.Ed.2d 542 (1966) (the fact that a district court allows the withdrawal of a guilty plea does not require the withdrawal of a waiver of indictment entered incident to the plea since neither indictment by grand jury presentment nor information is as fundamental to a just determination of guilt as is the right to a trial by jury). We can think of no sound rationale upon which a different view should obtain in military practice.

▉ Assuming *arguendo,* that the military judge erred in denying the appellant's relief from waiver of pretrial investigation, we are satisfied that no prejudice inured to the detriment of the appellant because the evidence which he sought to discover by pretrial investigation was never offered in evidence, making the issue moot.

Accordingly, we conclude that the military judge properly denied appellant's request for relief from waiver of pretrial investigation.

The findings of guilty and the sentence are affirmed.

Senior Judge FELDER and Judge GILLEY concur.