UNITED STATES, Appellee,

v.

Michael J. NICKERSON, Private, U.S. Army, Appellant.

No. 59,166.
CM 8601441.

U.S. Court of Military Appeals.

Sept. 28, 1988.

For Appellant: *Captain Wayne D. Lambert* (argued); *Lieutenant Colonel Russell S. Estey, Lieutenant Colonel Charles A. Zimmerman, Major Eric T. Franzen, Captain Keith W. Sickendick* (on brief).

For Appellee: *Captain Randy V. Cargill* (argued); *Colonel Norman G. Cooper, Lieutenant Colonel Gary F. Roberson, Major Daniel J. Dell'Orto* (on brief); *Major Byron J. Braun.*

*Opinion of the Court*

SULLIVAN, Judge:

During November and December 1986, appellant was tried before a general court-martial composed of officer members at Leighton Barracks, Wuerzburg, Federal Republic of Germany. Contrary to his pleas, he was found guilty of larceny, in violation of Article 121 of the Uniform Code of Military Justice, 10 U.S.C. § 921. He was sentenced to a dishonorable discharge, confinement for 3 years, and total forfeitures. The convening authority approved the sentence, and the Court of Military Review affirmed. 25 M.J. 541 (1987).

This Court granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED BY FAILING TO GRANT APPELLANT RELIEF FROM HIS WAIV-

ER OF AN ARTICLE 32 INVESTIGA-
TION AFTER APPELLANT CHANGED
HIS PLEA TO NOT GUILTY AND
THEN ASSERTED HIS RIGHT TO
SUCH AN INVESTIGATION.

We hold that the military judge did not abuse his discretion when he denied appellant's request for relief from his earlier waiver of an Article 32, UCMJ, 10 U.S.C. § 832, investigation. *See* R.C.M. 405(k), Manual for Courts-Martial, United States, 1984.

The evidence of record shows that appellant submitted an offer for a pretrial agreement on October 22, 1986, to his convening authority. On that same day, appellant voluntarily waived his right to an Article 32 pretrial investigation. Later, on October 31, 1986, the convening authority accepted appellant's offer to plead guilty, an offer which did not mention appellant's waiver of his right to a pretrial investigation. At the first session of trial on November 13, 1986, appellant entered pleas of guilty, but during the providence inquiry, he withdrew the pleas.

On November 20, 1986, appellant requested a continuance; at the November 24th session, counsel asserted that the waiver of the pretrial investigation was part of the pretrial agreement and asked that appellant's right to an Article 32 investigation be restored. Defense counsel later admitted that the waiver of the pretrial investigation was not part of the pretrial agreement. (See appendix A.) However, he asserted that restoration of appellant's right to the Article 32 investigation was necessary to permit pretrial discovery concerning several acts of uncharged misconduct and untruthfulness which the Government had attributed to appellant. Thereafter, defense counsel acknowledged that such information was discoverable by means other than an Article 32 investigation.

The military judge postponed the trial date by 7 days but denied the defense's request for a longer continuance. He also denied appellant's request for an Article 32 investigation, specifically finding that appellant's "waiver of the" pretrial "investigation was not a part of any pretrial agreement" and that appellant had not shown "good cause" warranting relief from his waiver. (*See* appendix B.)

On December 12, 1986, defense counsel made motions *in limine* to block the Government from using evidence concerning uncharged misconduct and untruthfulness against appellant at trial. The Government agreed at that point not to introduce such evidence, appellant subsequently failed to testify, and the bad-conduct evidence was not admitted at this trial.

The Court of Military Review concluded that the military judge properly denied appellant's request for relief from the waiver of the Article 32 investigation. That court also recognized that relief from waiver would be possible on a showing of good cause; however, it found the judge's determination on the "good cause" issue was a matter of fact, not law.

----------

■ In federal civilian courts, a criminal defendant does not have a *per se* right to revoke a waiver of an indictment by grand jury [1] after a change of plea. "[T]he mere fact that a district court allows a guilty plea ... to be withdrawn does not compel the withdrawal of a waiver of indictment entered in conjunction with that plea." *United States v. Scavo*, 593 F.2d 837, 843 (8th Cir.1979). Instead, the question is usually left to the sound discretion of the judge, whose decision will not be set aside or disregarded on appeal unless clearly erroneous. Moreover, the burden of proof rests on appellant. *Bartlett v. United States*, 354 F.2d 745, 749 (8th Cir.), *cert. denied*, 384 U.S. 945, 86 S.Ct. 1471, 16 L.Ed.2d 542 (1966). The same standard is appropriate for the military equivalent of

---

**1.** *See generally United States v. Ferguson*, 758 F.2d 843, 850 (2d Cir.), *cert. denied*, 474 U.S. 841, 106 S.Ct. 124, 88 L.Ed.2d 102 (1985). *See United States v. Schaffer*, 12 M.J. 425, 427 (C.M.A.1982).

the indictment by grand jury, the pretrial investigation provided in Article 32. *See generally United States v. Mickel,* 9 U.S. C.M.A. 324, 326, 26 C.M.R. 104, 106 (1958).

■ R.C.M. 405(k) substantially states this rule:

> *Waiver.* The accused may waive an [Article 32] investigation under this rule. In addition, failure to make a timely objection under this rule, including an objection to the report, shall constitute waiver of the objection. *Relief from the waiver may be granted by the investigating officer, the commander who directed the investigation, the convening authority, or the military judge, as appropriate, for good cause shown.*

(Emphasis added.) Unlike the court below, however, we hold the military judge's ultimate ruling concerning "good cause" is a question of law. *See generally United States v. Coleman,* 26 M.J. 407 (C.M.A. 1988).

■ In this case, appellant executed two separate documents: the waiver of an Article 32 Investigation and the pretrial Offer to Plead Guilty. Neither of these documents expressly or impliedly establishes a mutually dependent relationship.[2] Moreover, there was no finding that a *sub rosa* deal was made in exchange for appellant's guilty pleas or his Article 32 waiver. In fact the existence of such a deal was disclaimed. Finally, appellant's subsequent decision to change his pleas was not otherwise shown to be linked directly or indirectly to his earlier waiver of the Article 32 Investigation. Accordingly, the change in pleas in this case itself did not constitute "good cause" for relief from the earlier waiver.[3] *United States v. Scavo, supra.*

■ As for the judge's rejection of the additional reason proffered by defense for relief from this waiver, no prejudicial error occurred. The sole reason given for appel-

lant's request to reinstate his right to the Article 32 hearing was to investigate uncharged allegations of misconduct against him, evidence of which might be introduced by the Government at his court-martial. However, defense counsel conceded that these purported acts of uncharged misconduct could be adequately investigated by other means such as defense investigation, and a continuance was granted for this purpose. More importantly, the Government's evidence of these purported acts was never admitted at appellant's court-martial. Accordingly, appellant failed to show good cause, namely that relief from his earlier waiver was necessary to secure an interest intended to be protected by the pretrial investigation and Article 32. *See United States v. Smith,* 669 F.Supp. 177, 184–85 (N.D.Ill.1987). *See generally United States v. Mechanik,* 475 U.S. 66, 106 S.Ct. 938, 89 L.Ed.2d 50 (1986).

The decision of the United States Army Court of Military Review is affirmed.

Chief Judge EVERETT and Judge COX concur.

### Appendix A

DC: Your Honor, pursuant to your request yesterday that the defense show cause to withdraw their waiver of the Article 32, I'd like to state the following:

I went through and reviewed all my notes carefully, and at this time I cannot state unequivocally that the discussions pertaining to the waiver of the Article 32 investigation were an integral part or prerequisite for the pretrial agreement. I had considered, prior to submitting the pretrial agreement and the waiver of the 32, to waive the Article 32 for other reasons. Therefore, I can't represent to the court that there's—with absolute certainty that the waiver of the Article 32 was part of the pretrial agreement. However, the defense

---

**2.** According to an exhibit included in this record, Private Greenbaum, whose case was processed in the same command around this time, specifically waived his Article 32 Investigation within his Offer to Plead Guilty (para. 1c).

**3.** If this waiver could have been shown to have been part, or in some way connected, to appellant's decision to plead guilty, then we, like the judge, may have found that ordinarily this was good cause for relief from the waiver.

still strongly urges the court to grant us the right to withdraw our waiver of the Article 32, and the basis for that is that the Government, subsequent to the waiver of the Article 32 investigation, furnished us with additional information on three incidents which we are of the opinion will be raised at trial either in the sentencing portion or possibly on the merits, and we strongly feel that we need an opportunity to explore these three additional areas that were brought to our attention by the Government.

### Appendix B

MJ: The defense motion for this court to grant relief from their waiver of the Article 32 is denied. I find specifically that such waiver of the Article 32 investigation was not a part of any pretrial agreement negotiation, and not a part of the ultimate pretrial agreement that was made. I find that there was no timely objection to any defect in the pretrial investigation; the first objection made was yesterday, seemingly as an afterthought to the defense request for continuance. And, finally, I find that the defense has not carried the burden to show good cause, under the Manual, for relief from their valid waiver of the Article 32 investigation which was relied upon by the convening authority in referring this case to trial.