UNITED STATES, Appellee

v.

David J. VON BERGEN, Airman First Class
U.S. Air Force, Appellant

No. 03-0629/AF

Crim. App. No. 34817

United States Court of Appeals for the Armed Forces

Argued November 17, 2008

Decided April 2, 2009

BAKER, J., delivered the opinion of the Court, in which EFFRON, C.J., and ERDMANN and STUCKY, JJ., joined. RYAN, J., filed a separate opinion concurring in the judgment.

Counsel

For Appellant: Captain Phillip T. Korman (argued); Major Lance J. Wood and Captain Vicki A. Belleau (on brief); Lieutenant Colonel Mark R. Strickland and Major Shannon A. Bennett.

For Appellee: Major Brendon K. Tukey (argued); Colonel Gerald R. Bruce and Major Jeremy S. Weber (on brief); Major Matthew S. Ward and Major Nicole P. Wishart.


Military Judge: Gary M. Jackson

THIS OPINION IS SUBJECT TO REVISION BEFORE FINAL PUBLICATION.

United States v. Von Bergen, No. 03-0629/AF

Judge BAKER delivered the opinion of the Court.

Appellant pleaded guilty in 2001 to violating a provision of the Child Pornography Prevention Act of 1996 (CPPA), codified at 18 U.S.C. § 2252A(a)(5)(A) (2000). Pursuant to his pretrial agreement, he waived his right to a hearing under Article 32, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 832 (2000). However, this Court reversed his conviction on the basis of United States v. Martinelli, 62 M.J. 52 (C.A.A.F. 2005). United States v. Von Bergen, 62 M.J. 370 (C.A.A.F. 2005) (order). On remand from this Court, Appellant received a rehearing in 2006 on an amended specification of possessing child pornography charged as a violation of clauses 1 and 2 of Article 134, UCMJ, 10 U.S.C. § 934 (2000). Appellant pleaded not guilty, withdrew from his 2001 pretrial agreement, and moved for an Article 32, UCMJ, investigation on the ground that his previous Article 32, UCMJ, waiver was conditioned on the pretrial agreement from which he had withdrawn. The military judge denied the motion on the grounds that Appellant's earlier Article 32, UCMJ, waiver remained in effect and Appellant had not shown good cause for relief from his waiver. The United States Air Force Court of Criminal Appeals affirmed the findings and sentence. United States v. Von Bergen, No. ACM 34817 (f rev), 2008 CCA LEXIS 17, at *13, 2008 WL 179271, at *5 (A.F. Ct. Crim. App. Jan. 9, 2008) (unpublished).

2

We granted review of the following issue:

WHETHER THE MILITARY JUDGE ERRED WHEN HE HELD APPELLANT'S WAIVER OF HIS ARTICLE 32 RIGHTS FOR HIS 20 SEPTEMBER 2001 COURT-MARTIAL APPLIED TO HIS 23 OCTOBER 2006 REHEARING.

We hold that the military judge erred in denying Appellant an Article 32, UCMJ, investigation.  Finding no material prejudice to Appellant's substantial rights, however, we affirm the findings and approve the sentence.

BACKGROUND

At his first court-martial, consistent with his pretrial agreement of September 10, 2001, and his pleas, Appellant was convicted of one specification of knowingly possessing a computer disk containing images of child pornography in violation of 18 U.S.C. § 2252A(a)(5)(A) and one specification of knowingly and wrongfully distributing child pornography in interstate or foreign commerce by means of a computer in violation of Article 134, UCMJ.[1]  Appellant's pretrial agreement included an offer to "waive a hearing under Article 32."  It also included a withdrawal provision stating, among other things, that:

This agreement will also be canceled and of no effect, if any of the following occurs:

_____

[1] According to the specifications, Appellant committed the charged acts "at or near Building 210, Royal Air Force Base Mildenhall, United Kingdom."

      a. Refusal of the court to accept my plea of guilty, as set forth above, or modification of the plea by anyone during the trial to not guilty or to a lesser degree of guilt.

      b. Withdrawal by either party to the agreement before the trial.

The military judge engaged in the following colloquy with Appellant and his counsel regarding the waiver:

    MJ: Defense counsel, if the accused's plea of guilty is determined to be improvident will the accused be afforded an Article 32 investigation or is it permanently waived?

    DC: It's not permanently waived, ma'am.

    MJ: So it was contingent on the Offer for Pretrial Agreement as well?

    DC: Yes, ma'am.

    MJ: And trial counsel, do you agree?

    ATC: Yes, ma'am.

    MJ: So you understand Airman Von Bergen, that, again, if for any reason I'm not able to accept your plea or you're not able to complete your Offer for Pretrial Agreement and the convening authority's not bound by it for some reason, that you would then be afforded you [sic] right to an Article 32?

    ACC: Yes, ma'am.

The military judge subsequently accepted Appellant's guilty pleas and sentenced Appellant to a dishonorable discharge, confinement for twenty-eight months, and reduction to the grade of E-1. The convening authority approved the sentence as adjudged.

On appeal, this Court affirmed the finding of guilty on the specification of distributing child pornography, but reversed the finding on the specification of possessing child pornography and set aside the sentence. Von Bergen, 62 M.J. at 370. This Court returned the record of trial to the Judge Advocate General of the Air Force for further action consistent with Martinelli, 62 M.J. at 52. Von Bergen, 62 M.J. at 370. Accordingly, the convening authority authorized a rehearing and amended the specification related to possession of child pornography, eliminating reference to 18 U.S.C. § 2252A(a)(5)(A) and inserting language derived from clauses 1 and 2 of Article 134, UCMJ: "which conduct was prejudicial to good order and discipline in the armed forces or of a nature to bring discredit upon the armed forces."

At his rehearing in 2006, Appellant pleaded not guilty to the amended specification. Appellant withdrew from the pretrial agreement that he had entered at the original court-martial and moved for an Article 32, UCMJ, investigation. Appellant argued that he was entitled to relief from his earlier Article 32, UCMJ, waiver because it was conditioned on the pretrial agreement from which he had since withdrawn. In response, the Government argued that no remedy was required because "the accused clearly waived his right to an Article 32 hearing" and

"the Defense has offered no evidence of 'good cause' for relief of the accused's waiver of an Article 32 hearing."

At the rehearing, the military judge denied the motion for relief, concluding that Appellant "had made a knowing and voluntary waiver of his Article 32 hearing" and Appellant failed to show good cause for relief from the waiver. The military judge found Appellant guilty under the amended specification and sentenced Appellant to a dishonorable discharge, confinement for three years, reduction to grade E-1, and forfeiture of all pay and allowances. Consistent with Rule for Court-Martial (R.C.M.) 810(d)(1), the convening authority approved a sentence of a dishonorable discharge, confinement for twenty-eight months, and reduction to grade E-1.

The United States Air Force Court of Criminal Appeals affirmed the approved findings and sentence. Von Bergen, 2008 CCA LEXIS 17, at *13, 2008 WL 179271, at *5. The Court of Criminal Appeals found that "[o]nce a pretrial investigation has been waived, relief from that waiver can be obtained only for good cause shown." Id. at *4, 2008 WL 179271, at *2 (quotation marks omitted). The Court of Criminal Appeals rejected Appellant's argument that "under Nickerson, if the decision to waive the Article 32 investigation was in some way connected to the appellant's decision to plead guilty, good cause to receive relief from the waiver exists." Id. at *5, 2008 WL 179271, at

6

*2 (citing United States v. Nickerson, 27 M.J. 30, 31-32 (C.M.A. 1988)). As withdrawal from a pretrial agreement does not "automatically establish[] good cause" and "[A]ppellant presented no other reason as a basis," the Court of Criminal Appeals concluded that "he did not show good cause." Id.

Appellant also argued on appeal that good cause for relief existed under R.C.M. 405(k) because the Government destroyed certain evidence before the rehearing and the specification was changed. Id. at *5-*6, 2008 WL 179271, at *2. The Court of Criminal Appeals found that "[t]hese arguments were waived by the trial defense counsel's failure to raise them at trial, and the appellant is entitled to relief only if his case at trial was harmed by this waiver." Id. at *6, 2008 WL 179271, at *2. The Court of Criminal Appeals concluded that the destroyed evidence did not entitle Appellant to relief because "appellant's confession, which was corroborated by eyewitness testimony, was more than sufficient to sustain a conviction at trial." Id. at *6-*7, 2008 WL 179271, at *2. The Court of Criminal Appeals further concluded that the amendment to the specification did not entitle Appellant to relief because "[c]hanging the allegation from an Article 134, UCMJ, Clause 3 specification to one containing elements under Clauses 1 and 2 does not amount to a significant change to the specification." Id. at *7, 2008 WL 179271, at *3 (quotation marks omitted).

Additionally, the Court of Criminal Appeals noted that, "in a sense, appellant has already received the benefit of his [pretrial agreement] from the first trial" because the convening authority fulfilled his obligation of approving a reduced sentence, and "the sentence of that trial forms the basis of the maximum sentence that the convening authority can approve in this trial." Id. at *8, 2008 WL 179271, at *3. The Court of Criminal Appeals thus decided that "the military judge did not err when he determined the appellant failed to establish good cause, and the appellant was not harmed by trial defense counsel's failure to raise any of the matters the appellant raises on appeal." Id.

Appellant renews his arguments before this Court. He argues that he was entitled to an Article 32, UCMJ, investigation because the 2006 specification was a "major" change from the 2001 specification. See R.C.M. 603. The Government responds, inter alia, that the pretrial agreement was conditioned on the military judge accepting Appellant's 2001 plea. The military judge having done so and the convening authority having fulfilled its sentencing commitment, the Government argues that the terms of the pretrial agreement were met and Appellant remains bound on rehearing by his 2001 waiver.

DISCUSSION

This Court reviews a military judge's decision whether to order relief from a waiver of an Article 32, UCMJ, investigation for an abuse of discretion. See United States v. Siroky, 44 M.J. 394, 398 n.1 (C.A.A.F. 1996) ("On discretionary decisions, [the reviewing court] usually asks whether the decision is legal in the sense of being within the prescribed boundaries which define the area of discretion.") (quoting Martha S. Davis, A Basic Guide to Standards of Judicial Review, 33 S.D. L. Rev. 468, 472-73 (1988) (footnote omitted)). "We review a military judge's conclusions of law under the de novo standard. If a military judge's ruling is based on an erroneous view of the law, he has abused his discretion." United States v. Mobley, 44 M.J. 453, 454 (C.A.A.F. 1996) (quotation marks omitted). Based on the following analysis, we conclude that the military judge abused his discretion in denying Appellant an Article 32, UCMJ, investigation on rehearing. Two related arguments are persuasive. First and foremost, Appellant's 2001 plea was improvident as a matter of law, which had the effect of canceling the pretrial agreement according to its terms. Alternatively, whether the 2006 Article 134(1) and (2), UCMJ, specification represented a major change to the 2001 Article 134(3), UCMJ, specification or not, the effect of the rehearing and Appellant's subsequent

withdrawal from the agreement was to place the parties in their pretrial status quo ante. See R.C.M. 705(d)(4).

As noted above, when this case came before this Court the first time, we reversed the finding on the specification of possessing child pornography based on Martinelli. Von Bergen, 62 M.J. at 370; see Martinelli, 62 M.J. at 62 (concluding that the CPPA does not apply extraterritorially, thus the CPPA as incorporated into Article 134(3), UCMJ, does not apply extraterritorially). As in Martinelli itself, Appellant's plea was improvident with respect to the Article 134(3), UCMJ, specification. Further, and also as in Martinelli, the specification did not reference prejudice to good order and discipline or service discredit, and the military judge during the providence inquiry did not sufficiently inquire into whether Appellant was willing to admit that his conduct was prejudicial to good order and discipline or service discrediting. Martinelli, 62 M.J. at 670. Thus, we cannot uphold an offense under Article 134(1) or (2), UCMJ, which, as explained in United States v. Medina, 66 M.J. 21, 26 (C.A.A.F. 2008), do not necessarily constitute lesser included offenses of Article 134(3), UCMJ. As a result, Appellant's plea was improvident.

Although improvidence of the plea upon appellate review was not an express basis for cancellation in the pretrial agreement, this Court's decision had the same effect as if the military

judge had not accepted Appellant's plea, which was an express basis for cancellation.  As a matter of law, the plea could not have been accepted by the military judge.  As the military judge could not have accepted an improvident plea, the pretrial agreement was subject to the first cancellation term.

Thus, a condition precedent to the Article 32, UCMJ, waiver, acceptance of the pleas, never occurred.  Therefore, the waiver was not in effect at the rehearing.  This point is reinforced by the military judge's explanation to Appellant at the 2001 court-martial that Appellant would be afforded an Article 32, UCMJ, investigation should the military judge not accept Appellant's pleas for any reason.  Moreover, during the same colloquy, the parties agreed that the Article 32, UCMJ, waiver would not apply if Appellant's pleas were "determined to be improvident."

Even if the pretrial agreement were still in effect -- and we are convinced that it was not -- when this Court set aside Appellant's plea and the amended specification was referred for rehearing, Appellant's subsequent withdrawal from the agreement meant that the court-martial process should have begun anew. R.C.M. 810(a)(1) provides that:  "[rehearing] procedure shall be the same as in an original trial."  Therefore, "the effect of ordering a rehearing is . . . to place the United States and the accused in the same position as they were at the beginning of

the original trial." United States v. Staten, 21 C.M.A. 493, 495, 45 C.M.R. 267, 269 (1972). As one of the first steps in a general court-martial proceeding is an Article 32, UCMJ, investigation, unless the accused waives it, one of the first steps at the rehearing in this general court-martial proceeding should likewise have been an Article 32, UCMJ, investigation if not previously afforded to the accused. See Article 32, UCMJ; see generally United States v. Beatty, 25 M.J. 311, 315 (C.M.A. 1987) (asserting that "there is no necessity for conducting a new Article 32, UCMJ, 10 U.S.C. § 832, investigation") (emphasis added). Accordingly, when this Court reversed and remanded this case, Appellant should have been afforded an Article 32, UCMJ, investigation prior to the rehearing, unless Appellant waived it at that time.

As a result, the military judge erred by relying on an Article 32, UCMJ, waiver that was no longer effective at the rehearing. Because Appellant did not knowingly and voluntarily waive his Article 32, UCMJ, rights at the rehearing, we do not need to inquire further into whether Appellant has shown good cause for relief. See R.C.M. 405(k). It is enough that Appellant's Article 32, UCMJ, waiver was conditioned on a pretrial agreement that was not in effect at the rehearing, or, in the alternative, that referring the amended specification for

12

rehearing started the court-martial process anew.  However, our analysis does not stop with a finding of error.

Prejudice

Article 32, UCMJ, errors are tested on direct review for prejudice as defined by Article 59(a), UCMJ, 10 U.S.C. § 859(a) (2000).  United States v. Davis, 64 M.J. 445, 449 (C.A.A.F. 2007); see also United States v. Mickel, 9 C.M.A. 324, 327, 26 C.M.R. 104, 107 (1958) ("Once the case comes to trial on the merits, the pretrial proceedings are superseded by the procedures at the trial; the rights accorded to the accused in the pretrial stage merge into his rights at trial.").

Appellant argues that he was prejudiced by the absence of an Article 32, UCMJ, hearing due to the passage of time between his first and second courts-martial, during which time witness memories may have faded and original documentary evidence was destroyed.  Appellant also argues that an Article 32, UCMJ, investigation would have afforded him the opportunity to prepare his defense to the changed specification and test the strength of the Government's case based on the evidence available at the rehearing.

We disagree.

First, while the specification was indeed amended to change the underlying offense from a violation of the CPPA to a violation of Article 134(1) and (2), UCMJ, Appellant was on fair

13

notice regarding how the specification would be amended after remand from this Court based on this Court's precedents in Martinelli and other cases that have addressed the CPPA.  See, e.g., United States v. O'Connor, 58 M.J. 450, 454-55 (C.A.A.F. 2003); United States v. Mason, 60 M.J. 15, 18, 20 (C.A.A.F. 2004).  Second, the new specification addressed the same conduct as the original specification.  Third, the Government relied on much of the same evidence as at Appellant's original court-martial, such as Appellant's statement and testimony of witnesses who had statements or stipulations of expected testimony admitted as evidence at the 2001 court-martial.  Finally, the witnesses testified about the destroyed evidence, including what the images portrayed, how they were found, and how they were traced to Appellant.  In a different context, the destruction of the original evidence and passage of time might well be prejudicial; however, under these circumstances, Appellant was not prejudiced by the military judge's error in not ordering an Article 32, UCMJ, investigation.

DECISION

Accordingly, subject to the foregoing discussion, the decision of the United States Air Force Court of Criminal Appeals is affirmed.

United States v. Von Bergen, No. 03-0629/AF

RYAN, J. (concurring in the judgment):

I concur in the judgment because I agree with the majority's conclusion that the pretrial agreement (PTA) in this case did not waive Appellant's right to a pretrial investigation, pursuant to Article 32, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 832 (2000), on the amended and rereferred charge. I also agree that while Appellant was entitled to an Article 32, UCMJ, investigation on the amended charge, he was not prejudiced by the lack of such an investigation. United States v. Von Bergen, __ M.J. __ (13-14) (C.A.A.F. 2009).

The granted issue can be resolved on a simple basis: Whether or not Appellant's original waiver via the PTA in this case was canceled by our order of the rehearing, Von Bergen, __ M.J. at __ (10-11), and whether or not the rehearing itself permitted Appellant to withdraw from the PTA,[1] id. at __ (11),

_____

[1] Although the majority opinion finds that the PTA was not in effect at the rehearing, a portion of the opinion assumes, arguendo, that the PTA did remain in effect. Von Bergen, __ M.J. at __ (9, 11-12). Even so, the majority holds that Appellant subsequently withdrew from the PTA and was therefore entitled to an Article 32, UCMJ, investigation. Despite the Government's argument that Appellant's right to withdraw from the PTA no longer existed, the majority posits, without explanation, a connection between the order of rehearing and Appellant's right to withdraw. Brief of Appellee at 7, United States v. Von Bergen, No. 03-0629 (C.A.A.F. Sept. 5, 2008). We have previously stated that the effect of a rehearing is generally to "place the United States and the accused in the

it is certain that the agreement between Appellant and the Government to waive Appellant's right to an Article 32, UCMJ, investigation referred only to the original charges and specifications, and not to the new charge and specification referred at the rehearing.  Offer for Pretrial Agreement, at 1, United States v. Von Bergen, No. FR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 (USAF Trial Judiciary Sept. 10, 2001) ("I have read the charges and specifications alleged against me and they have been explained to me . . . .  Understanding the above and under the conditions set forth below, . . . I offer . . . to waive a hearing under Article 32, UCMJ.").

The specification at issue in this appeal was originally charged and pleaded to as a violation of clause 3 of Article 134, UCMJ.  A rehearing was ordered because that specification

---

same position as they were at the beginning of the original trial."  United States v. Staten, 21 C.M.A. 493, 495, 45 C.M.R. 267, 269 (1972).  But we have also acknowledged that rehearings "have long been treated as a continuation of the first trial." Id.  Rehearings are ordered for many different reasons, and our prior treatment of this issue suggests that some agreements made before or during the original trial may continue in effect during a subsequent rehearing, while others may not.  Id. ("There are exceptions to the rule" that a "rehearing of the case generally leaves the proceedings in the same position as before trial.") (quoting United States v. Cox, 12 C.M.A. 168, 169, 30 C.M.R. 168, 169 (1961)) (quotation marks omitted).  The issue granted did not cover this tension and the parties' briefing did not seek to resolve it; I do not fault the majority for declining to address the tension between these cases.  But it seems an imprudent path to proceed to decide the case, albeit on an alternate ground, as if the tension does not exist.

of the charge relied on extraterritorial application of the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. § 2252A (2000). United States v. Von Bergen, 62 M.J. 370 (C.A.A.F. 2005) (summary disposition); United States v. Martinelli, 62 M.J. 52, 62 (C.A.A.F. 2005) (holding that the CPPA does not have exterritorial application). On rehearing, the convening authority amended the original specification from alleging a violation of clause 3 of Article 134, UCMJ, to alleging a violation of clauses 1 or 2 of Article 134, UCMJ, and referred this new specification to a general court-martial.

Absent specific pleadings and proof, clauses 1 and 2 of Article 134, UCMJ, are not lesser included offenses of clause 3, Article 134, UCMJ. See, e.g., United States v. Medina, 66 M.J. 21, 26 (C.A.A.F. 2008) (holding that clauses 1 and 2 are not necessarily lesser included offenses of clause 3). Appellant's waiver of an Article 32, UCMJ, pretrial investigation pursuant to the PTA could not constitute a waiver for an offense the PTA did not address. Appellant was entitled to a new Article 32, UCMJ, pretrial investigation prior to referral of the new specification to trial by general court-martial, and it was error for the military judge to deny his request. See R.C.M. 405(a) ("[N]o charge or specification may be referred to a general court-martial for trial until a thorough and impartial investigation . . . has been made . . . .").

United States v. Von Bergen, No. 03-0629/AF

I also take exception to the majority's statement that our prior remand of this case was partially due to the fact that the original providence inquiry did not reveal sufficient evidence to affirm a conviction under clauses 1 or 2 of Article 134, UCMJ.  Von Bergen, __ M.J. at __ (9-10).  I continue to doubt that affirming a conviction to a failed charge and specification of clause 3, Article 134, UCMJ, under clauses 1 or 2 of Article 134, UCMJ, as a lesser included offense based on the contents of the providency inquiry alone passes constitutional muster.  See Schmuck v. United States, 489 U.S. 705, 718 (1989) (allowing lesser included offense instructions "only in those cases where the indictment contains the elements of both offenses and thereby gives notice to the defendant that he may be convicted on either charge"); Medina, 66 M.J. at 26 (emphasizing an accused's "right to know to what offense and under what legal theory he or she is pleading guilty"); Jones v. United States, 526 U.S. 227, 232 (1999) ("Much turns on the determination that a fact is an element of an offense . . . given that elements must be charged in the indictment, submitted to a jury, and proven by the Government beyond a reasonable doubt.").

I concur in the judgment.