# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
CAMPANELLA, HERRING, and PENLAND
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JEREMY H. HAVERY**
**United States Army, Appellant**

ARMY 20160133

Headquarters, 2nd Infantry Division/ROK-US Combined Division
Tiernan P. Dolan, Military Judge
Lieutenant Colonel Timothy P. Hayes, Jr., Staff Judge Advocate

For Appellant: Major Christopher D. Coleman, JA; Captain Daniel C. Kim, JA (on brief).

For Appellee: Pursuant to A.C.C.A. Rule 15.2, no response filed.

22 February 2017

----------------------------------
OPINION OF THE COURT
----------------------------------

PENLAND, Judge:

While we affirm the conviction and sentence in this case, we make this decision in precedential fashion in order to emphasize a fundamental requirement: the terms and conditions of a pretrial agreement must be reduced to *writing*.

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of four specifications of assault consummated by battery, in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928 (2012) [hereinafter UCMJ]. With the exception of adjudged forfeitures, the military judge sentenced appellant to the maximum authorized punishment—a bad-conduct discharge, confinement for twenty-four months, and reduction to the grade of E-1. The convening authority approved the adjudged sentence.

The government originally charged appellant with two specifications of sexual assault, one specification of aggravated assault, and one specification of assault consummated by battery. A written pretrial agreement between the convening

authority and appellant provided that, with respect to the sexual assault and aggravated assault specifications, appellant offered to plead guilty to the lesser-included offense of assault consummated by battery. With respect to the remaining assault consummated by battery specification, appellant offered to plead guilty. In return, the convening authority agreed to disapprove any confinement in excess of twenty-four months, which was the maximum sentence to confinement authorized for the offenses to which appellant pleaded guilty.

The pretrial agreement contained no promise from the convening authority to forbear prosecution of the greater offenses (sexual assault and aggravated assault) to which appellant pleaded not guilty; indeed, the agreement was silent on this topic. During inquiry pursuant to *United States v. Care*, 18 U.S.C.M.A. 535, 541, 40 C.M.R. 247, 253 (1969), appellant informed the military judge the pretrial agreement contained all of the understandings and agreements in the case and that no one had made any unwritten promises to him in order to obtain his guilty pleas. The military judge then turned to trial counsel and asked whether the government intended to go forward on the remaining offenses as charged. When trial counsel responded no, the military judge predictably and reasonably asked, "Why not?" The following exchange occurred:

> TC: Your Honor, we have--we have an offer to plead guilty which the CG has accepted, Your Honor.
>
> MJ: I agree, and the offer to plead guilty does not prevent you from proceeding on the greater offenses. So I am asking why you are not proceeding on the greater offenses.
>
> TC: We are declining to do so, Your Honor. And the offer to plead guilty can be accepted--was to be accept the 128--the lesser included offenses.
>
> MJ: Yes, what I think I am divining here and what I think you are inferring Captain [JS], is that there is an unwritten agreement not to proceed on the greater offenses, is that fair to say?
>
> TC: Yes, Your Honor.
>
> MJ: Defense, do you agree?
>
> DC: Yes, I apologize, Your Honor.

With this new understanding of appellant's expectations, the military judge addressed trial counsel, "I am not convinced [] that the convening authority agreed

to be so bound. And I do not want to put [government counsel] in the position of speaking for the convening authority over something of this import." Trial counsel requested and received a recess to contact the staff judge advocate (SJA). After the recess, trial counsel informed the military judge that the SJA told them, "the GCMCA's intent is not to move forward with the greater offenses." The *Care* inquiry resumed and after the military judge found appellant guilty in accordance with his pleas, the case moved to presentencing.

After hearing and considering matters in aggravation, extenuation, and mitigation, the military judge deliberated and adjudged the sentence described above. He then reviewed the quantum, which contained the convening authority's agreement to disapprove any adjudged confinement in excess of twenty-four months. The military judge observed it was "strikingly odd that the primary benefit of this deal was not written into the agreement." We agree, for based on the parties' belated disclosure of the *sub rosa* proviso, the quantum only offered the following protection: the convening authority would provide relief in the event the military judge sentenced appellant to an illegal confinement term. Considering both the infrequency with which military judges adjudge unlawful sentences and a convening authority's duty to correct such anomalous results in any event, the quantum in this case appears to be surplusage.

Rule for Courts-Martial [hereinafter R.C.M.] 705(d)(2) clearly requires: "All terms, conditions, and promises between the parties *shall be written* [in a pretrial agreement]." (Emphasis added). Lest practitioners regard this as a task without a purpose, the rule facilitates a military judge's fulfillment of duty to ensure an accused has knowingly, voluntarily, and intelligently pleaded guilty. *United States v. Perron*, 58 M.J. 78, 81 (C.A.A.F. 2003) ("The military justice system imposes even stricter standards on military judges with regards to guilty pleas than those imposed on federal civilian judges."). This duty includes ensuring the accused understands all provisions of any pretrial agreement. *United States v. Soto*, 69 M.J. 304, 307 (C.A.A.F. 2011). It also includes ensuring the provisions of any pretrial agreement are consistent with the law. *See id*. at n. 1; *United States v. Riley*, 72 M.J. 115, 120 (C.A.A.F. 2013); and *United States v. Partin*, 7 M.J. 409, 412 (C.M.A. 1979) (discussing the military judge's "responsibility to police the terms of pretrial agreements to insure compliance with statutory and decisional law as well as adherence to basic notions of fundamental fairness"). This rule also evinces and confirms the fundamental role of the convening authority, for *only he or she* may enter a pretrial agreement with an accused. R.C.M. 705(a).

While it was error for the convening authority to reach a *sub rosa* agreement with appellant, because the government did not attempt to prove the greater offenses, appellant was not prejudiced. We commend the military judge's attention to detail, which led to the necessary and full understanding of the agreement between the parties.

3

The findings of guilty and the sentence are affirmed.

Senior Judge CAMPANELLA and Judge HERRING concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court