# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CELTNIEKS, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JEFFERSON C. WASHINGTON**
**United States Army, Appellant**

ARMY 20150096

Headquarters, Fort Stewart
John T. Rothwell, Military Judge
Colonel Peter R. Hayden, Staff Judge Advocate (pretrial and recommendation)
Lieutenant Colonel Brian J. Chapuran, Staff Judge Advocate (addendum)

For Appellant: Colonel Mary J. Bradley, JA; Major Christopher D. Coleman, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Lieutenant Colonel A.G. Courie III, JA; Major Michael E. Korte, JA; Captain Tara O'Brien Goble, JA (on brief).

22 March 2017

---------------------------------
MEMORANDUM OPINION
---------------------------------

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

CELTNIEKS, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of selling military property valued at more than $500, and two specifications of stealing military property valued at more than $500 in violation of Articles 108 and 121, Uniform Code of Military Justice, 10 U.S.C. §§ 908, 921 (2012) [hereinafter UCMJ]. The convening authority approved the adjudged sentence of a bad-conduct discharge, confinement for fifteen months, and reduction to the grade of E-1.[1]

---

[1] Prior to taking action, the convening authority waived automatic forfeitures for the benefit of appellant's family members for a period of four months, effective 4 March 2015.

This case is before us for review under Article 66, UCMJ. Appellate defense counsel assigns one error to this court, and appellant personally raises matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). Appellant's *Grostefon* matters are rendered moot by our opinion on the following assigned error:

> THE MILITARY JUDGE ABUSED HIS DISCRETION IN
> NOT ORDERING RELIEF FROM A CONDITIONAL
> WAIVER OF AN ARTICLE 32, UCMJ, INVESTIGATION.

## BACKGROUND

Prior to trial, appellant submitted an Offer to Plea (OTP), dated 7 April 2014, to the convening authority. At subparagraph 2e of the OTP, appellant agreed to take the following action:

> I agree to conditionally waive my rights under Article 32(b).
> This waiver is conditioned upon the convening authority's
> acceptance of my offer to plead guilty, dated 7 April 2014.
> Once the offer to plead guilty . . . is accepted by the
> convening authority, this conditional waiver will become
> unconditional. I understand my rights and I am submitting
> this conditional waiver freely and voluntarily; no one has
> forced me to waive these rights. I have made this decision to
> waive my Article 32(b) rights because, after fully consulting
> with my defense counsels, I believe it is in my best interest
> to do so.

The waiver provision in subparagraph 2e continues, "[Captain (CPT) NF] and CPT [SN], my detailed military defense counsels,"[2] advised appellant of his rights under Article 32(b), UCMJ, and Rule for Courts-Martial [hereinafter R.C.M.] 405, and specifically lists those rights in thirteen sub-subparagraphs. The waiver provision concludes with appellant's acknowledgment that he could not otherwise be tried at a general court-martial without a pretrial investigation, and he gave up the opportunity to have an investigating officer recommend a lesser disposition of the charges.

The paragraphs immediately below subparagraph 2e assert:

> 3. I agree to take all the actions above provided the
> Convening Authority will take the action contained in
> Appendix I (Quantum).

---

[2] Captain SN was appellant's sole defense counsel at the arraignment; CPT NF was on maternity leave at the time. Appellant waived CPT NF's presence at the arraignment on the record.

4. I understand that I may request to withdraw the plea of guilty at any time before my plea is accepted and that if I do so, this agreement is canceled. This agreement may also be canceled upon the happening of any of the following:

    a. I fail to plead guilty as agreed above.

    b. The Military Judge either refuses to accept my plea of guilty or changes my plea of guilty during the trial.

The convening authority accepted appellant's OTP on 21 May 2014. During appellant's arraignment on 4 June 2014, the military judge inquired about the pretrial investigation waiver with appellant, reviewing his rights under Article 32.[3] After appellant "freely and willingly" agreed to proceed to a general court-martial without a pretrial investigation, the following exchange occurred at the end of the colloquy:

MJ: Defense Counsel, I am seeing the offer portion of the [OTP]. Again, this will be covered again by the military judge in this case, but if [appellant's] plea of guilty is determined to be improvident, will [appellant] be afforded an Article 32 investigation or is this permanently waived?

TC: Your Honor, if [appellant] is found to be improvident, the waiver was conditional and the government would proceed with an Article 32 investigation in this case.

ADC: That is the defense's understanding as well, Your Honor.

MJ: So it is a conditional waiver?

TC: Yes, Your Honor.

ADC: Yes, Your Honor.

MJ: Just so the parties know, I just wanted to get to cover that now, but it will probably be covered again later.

---

[3] Aside from omitting the first sentence of the first question pertaining to Article 32 waivers in accordance with pretrial agreements, the military judge adhered to the script at Dep't of Army, Pam. 27-9, Legal Services: Military Judges' Benchbook, para. 2-7-8 (1 Jan. 2010).

WASHINGTON—ARMY 20150096

The arraignment concluded after appellant deferred his forum selection and pleas. The case was scheduled to proceed on 30 July 2014, but on 17 July defense counsel notified the parties appellant wished to withdraw from the OTP.[4] On 29 July 2014, the government filed a motion requesting the court to set a new trial date.[5] When the trial reconvened on 12 August 2014, the military judge summarized the "procedural posture" of the case and, prior to argument on the government's motion to set a new trial date, informed the parties:

> Part of the offer to plead guilty, it appears, was a waiver of the Article 32 investigation, and that's really kind of what's at issue . . . , whether or not the waiver was conditional or unconditional; and if it was unconditional, whether or not good cause has been shown by the defense with respect to going back to that Article 32 investigation.

Contrary to its position at the arraignment, the government argued appellant's Article 32 waiver in the OTP was unconditional, and good cause was not shown to negate the waiver under R.C.M. 405(k). Further, the government asserted appellant's waiver "survives the cancellation of the plea" based on the "plain language of the document the defense prepared . . . . So the waiver was, in fact, conditioned on the acceptance by the [convening authority], not by the acceptance of the plea of guilty by the court."

Defense counsel[6] countered by arguing good cause for relief from appellant's Article 32 waiver was shown because "it was connected with [his] decision to plead guilty" under the OTP, and the entire OTP, including the waiver in subparagraph 2e, was effectively cancelled when appellant withdrew from the agreement and failed to plead guilty under conditions listed in paragraph 4. When the military judge asked, "what is the good cause[,]" defense counsel responded, "[appellant's] decision to waive was hinged on his willingness to plead guilty, and . . . that was all part of one agreement, that cannot be sliced into two separate agreements."

Before ruling on the motion, the military judge did not inquire about appellant's understanding of the Article 32 waiver in the OTP as it related to his withdrawal from the agreement. The military judge announced his findings on the record:

---

[4] *See* R.C.M. 705(d)(4)(A).

[5] *See* App. Ex. I; the defense response is App. Ex. II.

[6] Captain NF was present to represent appellant at this point. Appellant acknowledged releasing CPT SN upon her reassignment from the Trial Defense Service. *See* App. Ex. III.

4

> Although contained within the offer to plead guilty, the Article 32 waiver in this case is--although it is contained within the offer to plead guilty, the Article 32 waiver in this case is unconditional. It became unconditional effective 21 May 2014, when the convening authority accepted the offer to plead guilty. The defense has not shown good cause for the Article 32 to be granted in this case. The convening authority did not back out of the acceptance, no new charges were preferred, no new evidence was introduced, and there was no evidence of strong arming or overreaching by the government.

The court recessed shortly thereafter. On 16 September 2014, 23 October 2014, and 7 February 2015, the court reconvened to hear additional motions. The trial began after appellant selected forum and entered pleas of not guilty on all charges and specifications on 17 February 2015.

## LAW AND DISCUSSION

The charged offenses against appellant predated fundamental changes to Article 32, UCMJ, implemented by The National Defense Authorization Act for Fiscal Year 2014, Pub. L. No. 113-66, § 1702, 127 Stat. 672, 954-58, on 26 December 2014. For this opinion, we consider the rights and procedures in effect at the time relevant to appellant's case.[7]

On appeal, our review of this case requires a two-pronged analysis under R.C.M. 405(k) and Article 59(a), UCMJ. As appropriate, a military judge may grant relief from a waiver of an Article 32 investigation for good cause shown. R.C.M. 405(k). A military judge's ultimate ruling concerning good cause for relief from such a waiver is a question of law. *United States v. Nickerson*, 27 M.J. 30, 32 (C.M.A. 1988). This court reviews a military judge's decision on ordering relief from a waiver of an Article 32 investigation for an abuse of discretion. *United States v. Von Bergen*, 67 M.J. 290, 293 (C.A.A.F. 2009) (*see also United States v. Siroky*, 44 M.J. 394, 398 n.1 (C.A.A.F. 1996)). "'We review a military judge's conclusions of law under the de novo standard. If a military judge's ruling is based on an erroneous view of the law, he has abused his discretion.'" *Von Bergen*, 67 M.J. at 293 (quoting *United States v. Mobley*, 44 M.J. 453, 454 (C.A.A.F. 1996)). When an abuse of discretion results in an Article 32, UCMJ, error, we must determine whether the error materially prejudiced appellant's substantial rights under Article 59(a), UCMJ. *United States v. Davis*, 64 M.J. 445, 449 (C.A.A.F.

---

[7] *See* Dep't of Army, Pam. 27-17, Legal Services: Procedural Guide for Article 32(b) Investigating Officer, para. 1-1 (24 Jul. 2014).

5

2007). An error of law must materially prejudice appellant's substantial rights before we may hold a court-martial finding or sentence incorrect. UCMJ art. 59(a).

*Good Cause Under R.C.M. 405(k)*

First, we hold the military judge erred by not granting relief from a conditional waiver of an Article 32 investigation. At the initial colloquy between the military judge, appellant, and counsel during the arraignment on 4 June 2014, the parties mutually agreed the pretrial investigation waiver was conditional, notwithstanding the language at paragraph 2e. After appellant withdrew from the OTP, the government changed course by arguing the waiver was unconditional and, therefore, it survived appellant's withdrawal apart from the cancelled OTP. The military judge strictly interpreted the language in sub-paragraph 2e, despite the arraignment colloquy and the cancellation terms in paragraph 4 of the OTP, without ascertaining appellant's understanding about whether he waived his Article 32 rights after withdrawing from the OTP. Ordering appellant's general court-martial to proceed without an Article 32 investigation was an abuse of discretion.

In *Nickerson*, appellant executed two separate documents, an Article 32 investigation waiver and a pretrial offer to plead guilty. 27 M.J. at 31. When appellant withdrew his pleas, he argued for restoration of his right to an Article 32 investigation because the waiver of the pretrial investigation was part of his pretrial agreement. Our superior court rejected this argument because the documents did not "expressly or impliedly" establish a "mutually dependent relationship." *Id.* at 32. Further, "appellant's subsequent decision to change his pleas was not otherwise shown to be linked directly or indirectly to his earlier waiver of the Article 32 Investigation. Accordingly, the change in pleas . . . itself did not constitute 'good cause' for relief from the earlier waiver." *Id.* In the footnote to this quote, the court contemplated a different outcome under revised facts: "If this waiver could have been shown to have been part, or in some way connected, to appellant's decision to plead guilty, then we, like the judge, may have found that *ordinarily this was good cause for relief from the waiver*."[8] *Id.* at 32 n.3 (emphasis added).

The scenario envisioned in the footnote is reality in this case. Here, good cause for relief under R.C.M. 405(k) existed because the Article 32 waiver and the OTP were mutually dependent, with the former originating in the body of the latter. When the OTP went away under an express basis for cancellation, so too did the waiver. Appellant relied on the cancellation terms of the pretrial agreement to his detriment. After the parties agreed the Article 32 waiver was conditional at the arraignment, appellant withdrew from the OTP, voluntarily forfeiting the sentence

---

[8] At trial, defense counsel referred to this footnote while arguing good cause existed to grant relief from the waiver. Also, the military judge read this footnote verbatim into the record during the government's rebuttal argument on the motion.

limitation found in the quantum while reasonably believing his Article 32 rights would be reactivated. Although good cause was shown by these circumstances, the military judge ruled otherwise. That he did so by upholding a remnant of an abrogated pretrial agreement without inquiring about appellant's comprehension of the issue compounded the situation.[9]

Additionally, the military judge's ruling was inconsistent with the analysis in *Von Bergen*, where our superior court determined a showing of good cause for relief is unnecessary when an Article 32 waiver is no longer in effect. 67 M.J. at 294. In *Von Bergen*, there had been a previous meeting of the minds between the parties about how cancellation terms in the pretrial agreement would affect an Article 32 waiver. *Id.* The court explained its rationale by describing a sequence of events similar to the present case:

> [A] condition precedent to the Article 32, UCMJ, waiver, acceptance of the pleas, never occurred. Therefore, the waiver was not in effect . . . . This point is reinforced by the military judge's explanation . . . that Appellant would be afforded an Article 32, UCMJ, investigation should the military judge not accept Appellant's pleas for any reason. Moreover, during the same colloquy, the parties agreed that the Article 32, UCMJ, waiver would not apply if Appellant's pleas were "determined to be improvident."

*Id.*

Here, the net effect is the same. Following a colloquy that established the Article 32 waiver was conditionally tied to the cancellation provisions of the OTP, the agreement was cancelled when appellant withdrew from it, well before pleas could be determined improvident. While *Von Bergen* involved a rehearing,[10] the court's holding regarding the waiver is nonetheless applicable in this case:

---

[9] *See* R.C.M. 910(f)(4). Normally, when a pretrial agreement is in effect, the military judge will directly ascertain from appellant his understanding of the terms and conditions of the agreement, especially when there are conflicting interpretations between the parties. Here, without an agreement in place, there was not an obvious point in the scripted court-martial process to conduct such an inquiry. Notably, the original OTP signed by all parties is not an appellate exhibit in this record of trial. Rather, it is among allied pretrial documents. A partially signed copy of the OTP is included as Enclosure 2 of Appellate Exhibit I.

[10] *Von Bergen* was a guilty plea under a pretrial agreement that was subsequently reversed on appeal. The pretrial agreement included an Article 32 investigation

(continued . . .)

> [T]he military judge erred by relying on an Article 32, UCMJ, waiver that was no longer effective at the rehearing. Because Appellant did not knowingly and voluntarily waive his Article 32, UCMJ, rights, at the rehearing, we do not need to inquire further into whether Appellant has shown good cause for relief. It is enough that Appellant's Article 32, UCMJ, waiver was conditioned on a pretrial agreement that was not in effect
> . . . .

*Id.* (internal citation omitted). Essentially, while we are convinced good cause exists for relief from the waiver, *Von Bergen* suggests finding good cause is irrelevant under these facts because appellant's Article 32 waiver did not survive the termination of the OTP. Moreover, the military judge did not engage appellant in a supplemental colloquy to determine whether he knowingly and voluntarily waived his Article 32 rights independent of the cancelled pretrial agreement.[11]

After appellant withdrew from the OTP, the military judge should have returned the parties to their pre-agreement status by ordering an Article 32 investigation. Considering seven months elapsed between appellant's withdrawal from the OTP and his entry of pleas, there was ample time to afford him with "a substantial set of rights at an Article 32 proceeding." *Davis*, 64 M.J. at 449.

*Prejudice Under Article 59(a), UCMJ*

Having established there was good cause to grant relief, we find appellant was prejudiced by the absence of a pretrial investigation prior to his general court-martial. Beyond the denial of his rights under Article 32 and R.C.M. 405(f), appellant did not have an opportunity to preserve testimony of witnesses and effect discovery via pretrial investigation procedures. More significantly, he did not have

---

(. . . continued)
waiver conditioned upon acceptance of appellant's plea. When the case was remanded for a new trial, appellant withdrew from the original pretrial agreement and moved the court to order an Article 32 investigation. The government asserted the Article 32 waiver within the original agreement remained in effect because appellant benefitted when the convening authority took action under the agreement following the first trial. The military judge denied the motion and appellant was subsequently convicted, contrary to his pleas. *See generally Von Bergen*, 67 M.J. at 291-95.

[11] In a sworn affidavit, appellant stated he believed the government would have to conduct an Article 32 investigation if he withdrew from the OTP. "If the military judge asked me, I would have told him that I did not consent to waiving the Article 32 investigation unconditionally."

occasion to hear the government's case against him and assess the strength of that case prior to trial. *See United States v. Garcia*, 59 M.J. 447, 451 (C.A.A.F. 2004).

"A formal pretrial investigation is a predicate to the referral of charges to a general court-martial . . . . The procedures for an Article 32 hearing include representation of [appellant] by counsel, the right to present evidence, and the right to call and cross-examine witnesses." *Davis*, 64 M.J. at 446 (citations omitted). *Davis* addresses a particular error in an Article 32 proceeding that was otherwise proper. Specifically, appellant alleged he suffered prejudice when the investigating officer closed the Article 32 proceeding during the testimony of two alleged sexual assault victims. Our superior court noted the Air Force Court of Criminal Appeals "conducted a detailed prejudice evaluation of the erroneous partial closure" while considering rights furnished at the Article 32 investigation, including defense counsel's cross-examination of the witnesses at both the closed Article 32 hearing and later at a public trial. *Id.* at 449-50.

In this case, there was no pretrial investigation to scrutinize for specific errors. Relying on the government's initial assertion that the Article 32 waiver was conditional, appellant withdrew from the OTP, reasonably expecting an "impartial judge advocate" would conduct a "thorough and impartial investigation" into the truth of the allegations. *See* UCMJ art. 32; *see also* Dep't of Army, Pam. 27-17, Legal Services: Procedural Guide for Article 32(b) Investigating Officer, para. 1-2 (24 Jul. 2014). Rather, appellant was placed in jeopardy at a general court-martial without a pretrial investigation, exposing him to the full range of punishment that included a dishonorable discharge and confinement for thirty-five years.[12]

The opportunity to see a case unfold at an Article 32 investigation during preparation for a general court-martial would have been particularly beneficial in this instance. Captain SN, the defense counsel who appeared at the arraignment, was released by appellant on the same day as the 12 August motions hearing due to her previous reassignment. Captain NF made her first appearance on behalf of appellant that day, following her return to duty from maternity leave. Aside from the obvious advantage of eliciting live, recorded testimony on direct and cross-examination of witnesses prior to trial, articulating specific prejudice when appellant cannot avail himself of his rights under Article 32 is an exercise in speculation.

Further, appellant's case is distinguishable from *Von Bergen*, where our superior court ultimately found no prejudice under Article 59(a), UCMJ, despite ruling the military judge erroneously denied a defense motion for an Article 32

---

[12] "A case may be referred to trial by special court-martial without conducting an Article 32 investigation, even though a special court-martial can result in the stigma of a punitive discharge and confinement for up to one year." *Davis*, 64 M.J. at 449 (referencing R.C.M. 201(f)(2)(B); R.C.M. 404; R.C.M. 405(a)).

investigation following withdrawal from a pretrial agreement. 67 M.J. at 295. In their prejudice determination for *Von Bergen*, the court viewed appellant's initial trial as analogous to an Article 32 investigation, serving as a preview of the case against him since the government relied on the same evidence it presented at appellant's retrial for the same misconduct. *Id. See also* Major John R. Maloney, *Litigating Article 32 Errors After United States v. Davis*, ARMY LAW., Sept. 2011, at 4, 9. Here, there was no functional equivalent of a pretrial investigation to provide appellant with similar protections and benefits routinely afforded by an Article 32 hearing.

Under these circumstances, we find the military judge erred by not ordering a pretrial investigation where good cause existed to grant relief of an Article 32 waiver, and appellant was prejudiced at trial as a result of the error. Consequently, we grant relief in the decretal paragraph.

Finally, in light of this court's recent opinion in *United States v. Havery*, __ M.J. ___, 2017 CCA LEXIS 126 (Army Ct. Crim. App. 22 Feb. 2017), after all terms and conditions of a pretrial agreement are reduced to writing, the parties must read what is written to deconflict potential discrepancies prior to trial. We take this opportunity to reemphasize the importance of drafting clear and concise pretrial agreements free of contradictory provisions that fully encompass the intent of all involved.

## CONCLUSION

The findings of guilty and the sentence are SET ASIDE. A rehearing is authorized. All rights, privileges, and property, of which appellant has been deprived by virtue of the findings and sentence hereby set aside by this decision, are ordered restored. *See* UCMJ arts. 58a(b), 58b(c), 75(a).

Senior Judge TOZZI and Judge BURTON concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

10